VINCENT W. DAVIS, Esq. (SBN 125399)
LAW OFFICES OF VINCENT W. DAVIS.
440 E. Huntington Drive, Suite 100
Arcadia, CA 91006
Phone: (626) 446-6442
Facsimile: (626) 446-6454

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.R., a minor, by and through her Guardian ad Litem, RICARDO RODRIGUEZ; J.R.R., a minor, by and through his Guardian ad Litem, RICARDO RODRIGUEZ.<br><br>                    PLAINTIFFS<br><br>v.<br><br>COUNTY OF LOS ANGELES, by and through LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; COUNTY OF LOS ANGELES by and through LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES;  SANDRA PEREZ, an individual; DEPUTY M. KELSEY, an individual, and DOES 1 through 10, inclusive,<br><br>                    DEFENDANTS | **COMPLAINT FOR DAMAGES**<br><br>Case No.:<br><br>1. Violation of Civil Rights Under 42 U.S.C. §1983 - 14th Amendment – Interference with Familial Relations<br><br>2. Violation of Civil Rights Under 42 U.S.C. § 1983 - 5th and 14th Amendment - Violation of Procedural and Substantive Due Process<br><br>3. Violation of Civil Rights Under 42 U.S.C. § 1983 - Monell Liability<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs allege as follows:

- 1 -

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

**JURISDICTION AND VENUE**

1.      This is an action for damages for violations of Plaintiffs' federal civil rights, pursuant to 42 U.S.C. & 1983, including violations of the First, Fifth, and Fourteenth Amendments to the United States Constitution, and Tom Bane Civil Rights Act arising from the misconduct as alleged in more detail below.

2.      Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in Los Angeles County and many of the acts and omissions alleged herein took place in Los Angeles County.

**GENERAL ALLEGATIONS**

3.      Plaintiff, (Hereinafter, "T.R.") is the minor child of RICARDO RODRIGUEZ. T.R. at all relevant times, is a resident of the Los Angeles County, State of California.

4.      Plaintiff, J.R.R., (Hereinafter, "J.R.R.") is the minor child of RICARDO RODRIGUEZ. J.R.R. and at all relevant times, is a resident of Los Angeles County, State of California.

5.      RICARDO RODRIGUEZ ("RODRIGUEZ") is a natural person, who, at all times complained of in this action, resided in the County of Los Angeles, State of California. He is the father of the plaintiffs. T.R., and J.R.R.

6.      Defendant COUNTY OF LOS ANGELES ("COUNTY") is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

- 2 -

The Los Angeles County Department of Children and Family Services and the Los Angeles County Sheriff's Department are departments within the County of Los Angeles.

7.    Defendant SANDRA PEREZ, hereinafter also referred to a "PEREZ", is, and at all times complained of herein, was an employee/agent of the Los Angeles County Department of Children and Family Services, acting as an individual person under the color of State law, in her individual capacity and was acting in the course of and within the scope of her employment with defendant COUNTY.

8.    Defendant DEPUTY M. KELSEY, hereafter also referred to as "KELSEY", is and at all times complained of herein, was, a deputy sheriff for the Los Angeles County Sheriff's Department, acting and an individual person under the color of state law, in his individual capacity and was acting in the course of and  within the scope of employment with defendant COUNTY.

9.    Defendants DOES 1 through 10, inclusive, are sworn peace officers such as deputy sheriffs and/or investigators and/or Special Officers and/or some other public officer and/or Supervisors (i.e., Sergeants, Lieutenants, Captains, Commanders, etc.), employees/agents of the Los Angeles County Department of Children and Family Services, and/or some other employ of Defendant COUNTY, who are in some substantial way liable and responsible for, or otherwise caused or participated in,

and/or failed to supervise and/or intervene in and stop and/or prevent the actions complained of by the plaintiff in this action.

10.     Defendant DOES 1 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriff and/or Captains and/or Lieutenants and/or Sergeants and/or other supervisory personnel and/or policy making and/or final policy making officials with the Los Angeles County Sheriff's Department and/or Los Angeles County Department of Children and Family Services and/or Defendant COUNTY, who are in some substantial way liable and responsible for, or otherwise caused the actions complained of by plaintiff in this action, such as via Supervisory Liability (i.e., failure to properly supervise, improperly directing subordinate deputies and/or against/employees,  approving unlawful actions of subordinate agents, failing to intervening in and stop unlawful actions of their subordinates), and/or such as the failing to properly train COUNTY personnel in lawful arrests and seizures.

11.     At all times complained of herein, DOES 1 through 10, inclusive, were acting pursuant to their authority as the Supervisory personnel and/or policy making and/or final policy making officials with the COUNTY, and/or some other public official(s) with Defendant COUNTY, and were acting in the course of and within the scope of their employment with Defendant COUNTY, and were acting as individual persons acting under the color of state law.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

- 4 -

12.    Plaintiffs will amend his complaint to show the true identities of DOES 1 through 10, inclusive, when he becomes aware of said identities.

13.    At all times complained of herein, defendants DOES 1 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described above), social workers and/or policy making officers/officials and/or final policy making peace officers/officials, with the COUNTY.

14.    Moreover, at all times complained of herein, defendants PEREZ, KESLEY, and DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the Los Angeles County Sheriff's Department/Los Angeles County Department of Children and Families COUNTY, for, inter alia, for: 1) for using excessive/unreasonable force on persons; 2) for unlawfully seizing (detaining and arresting) persons; 3) for unlawful searching persons; 4) for fabricating/destroying/ concealing/altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability; 5) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 6) for

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

- 5 -

interfering with familial relationships and 7) for covering-up unlawful and tortious conduct by the Los Angeles Sheriff's Department/Los Angeles County Department of Children and Families personnel and were  approximate cause of the very same federal constitutional violations complained of below by the plaintiffs in this action. Both defendants were good friends and known each other.

15.     In addition, Defendant COUNTY had notice of other false arrests, use of excessive force, unlawful seizure and acts of dishonesty by said individual defendants to this action and failed to take any corrective/discipline actions against any of the said Defendants, and DOES 1 through 10, inclusive.  In addition, all of the above-named defendants and all of the DOE defendants to this action, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal constitutional and statutory rights, as described above, and below, and acted in joint and concerted action to so deprive the plaintiffs of those rights as set forth below, all in violation of 42 U.S.C. § 1983.

16.     Said conspiracy/agreement/understanding/plan/scheme/joint action/ Concerted action, above referenced, was a legal cause the violation of the plaintiff's federal and state constitutional and statutory rights, as set forth below.

17.     Defendant COUNTY OF LOS ANGELES is a local public entity organized under the laws of the State of California (hereinafter referred to as

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

"COUNTY OF LOS ANGELES" or "COLA"). The Los Angeles County Department of Children and Family Services (hereinafter referred to as "DCFS" or "the Department") is an agency of Defendant COUNTY OF LOS ANGELES designated to administer laws and programs relating to protective services for children, foster care, and adoptions. DCFS operates under the policy direction of the Los Angeles County Board of Supervisors and the California Departments of Social Services and Health Services.

18. Defendant COUNTY OF LOS ANGELES is a local public entity organized under the laws of the State of California (hereinafter referred to as "COUNTY OF LOS ANGELES" or "COLA"). The Los Angeles County Sheriff's Department (hereinafter referred to as "L.A.S.D") is an agency of Defendant COUNTY OF LOS ANGELES designated to administer laws and programs relating to proactively preventing crime, enforcing the law fairly and enhance the public's trust through transparency and accountability.

19.   At all times relevant herein, DCFS employed Defendants, one being a supervisor during all relevant times, as Social Workers charged with the investigation, monitoring, and management of juvenile dependency matters, which included – at certain times as stated below – the matter of the minor child,  PEREZ was aware of, supervised and participated in the unconstitutional actions taken by which inflicted substantial and permanent damages on the plaintiff.   PEREZ continued to deprive

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

Plaintiff of her constitutional rights due to her inadequate training and supervision. PEREZ \continued to ignore her duties and the well-being of T.R. Despite PEREZ's intentional misrepresentations, bias and wrongdoing in this matter, PEREZ, individually residing, on information and belief, in the County of Los Angeles, and at all times relevant herein were officers, agents and employees of Defendant COLA and DCFS. Defendant, PEREZ is being sued herein in both her individual capacity and in her official capacities as employee of the County of Los Angeles.

20.     At all times relevant herein, L.A.S.D. employed Defendants, one being a supervisor during all relevant times, as Social Workers charged with the investigation, monitoring, and management of criminal matters, which included – at certain times as stated below – the matter of the minor child, DEPUTY KESLEY was aware of, supervised and participated in the unconstitutional actions taken by which inflicted substantial and permanent damages on the plaintiffs.   DEPUTY KESLEY continued to deprive Plaintiff of her constitutional rights due to her inadequate training and supervision.  DEPUTY KESLEY continued to ignore her duties and the well-being of T.R. and J.R.R. Despite intentional misrepresentations, bias and wrongdoing in this matter, DEPUTY KESLEY, individually residing, on information and belief, in the County of Los Angeles, and at all times relevant herein were officers, agents and employees of Defendant COLA and L.A.S.D. and DCFS. Defendants, PEREZ and DEPUTY KESLEY are being sued herein in both and each on their individual

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

capacity and in each in their official capacities as employees of the County of Los Angeles.

21.     Plaintiffs are informed and believe and thereon allege that Defendants, Does 1 through 10, inclusive (hereinafter referred to as "Does"), are now and at all times herein mentioned in this Complaint were individuals and residents or were entities - either governmental or otherwise – operating and/or doing business in and around the County of Los Angeles, State of California, and were in some manner employed by and acting within the scope of their employment on behalf of Defendant COLA, whether by and through DCFS or some other means.

22.     Defendant COLA was at all times alleged herein to be responsible for the appointment and promotion of employees of COLA, and for the supervision, training, instruction, discipline, control, and conduct of said employees.

23.     At all times alleged herein, Defendant COLA had the power, right, and duty to control the manner in which the individual defendants carried out the objectives of their employment and to assure that all orders, rules, instructions, and regulations promulgated were consistent with the United States Constitution, the California Constitution, the laws of the United States, the laws of the State of California, and the laws of the local municipalities.  At all times alleged herein, Defendant PEREZ was the final relevant decisionmaker within DCFS regarding the T.R. matter, and had the power, right, and duty to control the manner in which PEREZ carried out the objectives of her employment and to assure that all orders, rules, instructions, and regulations promulgated were consistent with the United States Constitution, the California Constitution, the laws of the United States, the laws of the State of California, and the laws of the local municipalities.

24      The unknown named defendants - identified herein as "Doe" Defendants 1 throu.gh 10, include, but are not limited to, unknown social workers, supervisors, managers, investigators, deputy directors, who participated in, approved of, or otherwise acquiesced in the actions and misconduct of the other named defendants as described herein, resulting in the deprivation of Plaintiff's civil rights and injuries to her person, as is described below. These unknown defendants include policymakers that created, fostered, acquiesced in, ratified, and/or maintained the policies, customs, and/or practices that caused the deprivation of Plaintiffs' constitutional rights and his injuries.

25.     Plaintiffs' are ignorant of the true names and capacities of these Doe Defendants, though all are believed to have been employed by COLA, or acting in concert with other named defendants and in their capacity were acting as state actors, but alleges that each such defendant was in some intentional or reckless manner responsible for the injuries suffered by Plaintiffs.

26.     Defendants, and each of them, performed the wrongful acts and omissions alleged herein in bad faith and with knowledge that their conduct violated well and clearly established and settled law.

27.     At all times material herein, defendants, and each of them, were acting as the employees, agents, representatives, and officers of every other defendant herein, and within the course and scope of such employment and agency.

28.     Each and every allegation set forth in each and every averment of this Complaint is hereby incorporated by this reference in each and every other averment, allegation, and count of this Complaint.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

29.     On April 5, 2014, RODRIGUEZ'S fiancé took RODRIGUEZ'S three children to school.  While at the school a staff member apparently saw bruises on RODRIGUEZ'S fiance's arm.  The staff member asked about the bruises to which RODRIGUEZ'S fiancé responded, "It's nothing."

30.     The staff member then called Child Abuse Hotline and stated that RODRIGUEZ'S children L.R., J.R.R. and T.R. were suffering from emotional abuse and caretaker absence.

31.     PEREZ received the referral and contacted the Walnut Sheriff's Station to request a joint investigation.  Defendant KESLEY responded to the call.   KESLEY then allegedly told PEREZ that RODRIGUEZ'S fiancé had stated that an incident occurred outside of the house during which RODRIGUEZ grabbed her arm and that RODRIGUEZ has never been aggressive towards the children or in front of the children.  KESLEY alleges that RODRIGUEZ'S fiancé said that RODRIGUEZ struck her, however, not only did RODRIGUEZ not strike his fiancé, his fiancé never told KESLEY that he did.

32.     On April 11, 2014, PEREZ went to RODRIGUEZ'S home. RODRIGUEZ'S three children, L.R., J.R. R. and T.R. were home at the time, as well his fiancé.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

33.    PEREZ interviewed the children and RODRIGUEZ'S fiancé.  None of the children nor his fiancé stated that RODRIGUEZ had ever been aggressive towards the children and the children stated that they had never seen their father aggressive towards anyone.

34.    The Plaintiff minors stated that they felt safe with their father.

35.    RODRIGUEZ was not present during these interviews.

36.    RODRIGUEZ then entered the living room where the interviews were taking place.

37.    At that time, KESLEY entered the home and arrested RODRIGUEZ. KESLEY and DOES 1 through 10, inclusive forcefully entered RODRIGUEZ'S home, slammed him up against the wall and then slammed him to the ground. KESLEY and DOES 1 through 7, inclusive, then further brutalized RODRIGUEZ by slamming him to the ground and handcuffing him.

38.    RODRIGUEZ was taken into custody and based on misrepresentations made by PEREZ and KESLEY the Los Angeles County District Attorney's Office filed  a single charge of a violation of § 273.5(a)of the Penal Code, corporal injury to a spouse/cohabitant/child's parent) against RODRIGUEZ.

39.     Immediately following the arrest of RODRIGUEZ, PEREZ, who are friends and known each other,  decided to take all three of his children into protective custody.

40.     Notwithstanding having zero evidence that any of the children were in emotional or physical danger by being with their father, PEREZ represented to the court otherwise, resulting in all three children being sent to Las Vegas, Nevada, where they lived with their mother.

41.     T.R. suffered severe emotional trauma and distress since she was now placed at the home of parent mother even though the maternal uncle, who lived in the mother's home, previously molested T.R.

42.     J.R.R. suffered extreme emotional distress as a result of being placed in the custody of parent mother and removed from his father, RODRIGUEZ.

43.     RODRIGUEZ was only allowed to communicate with his children under supervision.

44.     RODRIGUEZ informed agents of COUNTY on multiple occasions the children's mother's home was not a safe environment and that there were often gang members at the home, drug use, and one of the residents had previously sexually assaulted one of his children.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

- 13 -

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

45.     Again, notwithstanding the fact that there was no evidence that the children were in danger in the presence of RODRIGUEZ or that they feared RODRIGUEZ, PEREZ and KESLEY continued to represent otherwise, resulting in RODRIGUEZ to lose custody of his children and the ability to parent his children for approximately 18 months when his criminal case was ultimately dismissed in the interests of justice pursuant to Penal Code § 1385.

46.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00.

47.     It is undisputed that parenthood is a fundamental constitutional right that cannot be interfered with by the government without due process of law.   A parent's right to continued custody of their children arises under the 1st and 14th Amendments and is comprised of both a substantive and a procedural component.

48.     The 4th amendment right of minor child T.R. not to be seized from the custody of her parents is a personal right.  Plaintiff has a corollary right-equal to that of her parents- in not being dislocated from the emotional attachments that derive from daily contact with family.

49.     Any motive of defendant COLA and its agents to protect a child from abuse does not override the Constitution.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

50.     Plaintiff was previously deprived of her interests protected by the Constitution and/or laws of the United States of America, and suffered injuries to their person, and such deprivation was caused by defendants - by commission and omission – while defendants acted under color of law.

51.     All acts and/or omissions perpetrated by each defendant, except any governmental entity defendant or any defendant only in their official capacity, were engaged in maliciously, callously, oppressively, wantonly, recklessly, and with deliberate indifference to the rights of Plaintiffs, and were done so despicably and with evil motive and/or intent.

52.     Plaintiff bring this lawsuit alleging severe and pervasive violation of her rights to a fair investigation and hearing by and through the juvenile dependency court, due to the malicious conduct of Defendants PEREZ and DEPUTY KESLEY and others.

53.     RODRIGUEZ has been engaged with Defendant COLA regarding investigation into the care of the minor child, T.R. and J.R.R.

54.     Minor child T.R. is the biological daughter RICARDO RODRIGUEZ (hereinafter "R. RODRIGUEZ "). Plaintiff became involved with DCFS. On February 21, 2012, a petition was filed pursuant to WIC & 300(b). The petition alleged domestic violence between her father, R. RODRIGUEZ and Shirley Grey. The juvenile court sustained the count of the petition which alleges that R. RODRIGUEZ engaged in domestic violence with Shirley Grey and these allegations would place. T.R. At risk of harm.  These allegations were falsely alleged and fabricated by actions of DEPUTY KELSEY and defendant PEREZ.

55.     The case was eventually closed and the children were eventually released to the custody of mother in the Juvenile Court.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

56.     These allegations were investigated by PEREZ, who subsequently filed a knowingly false petition alleging that R. RODRIGUEZ and Shirley Grey were engaged in domestic violence and that these ongoing false allegations of abuse endangered Plaintiff T.R.'s physical health and safety.

57.     As a matter of policy, defendant COLA through its agents and employees generated a detention report which is the primary evidentiary document submitted by DCFS in support of its petition allegations when the minor child T.R. was detained from the parent  father RODRIGUEZ.

58.     Addressing social ills and helping others is a primary goal of all social workers, including PEREZ.  Service is the value from which all other social work values stem.  Social workers regularly elevate the needs of others above their own personal interests and use their skills and knowledge from education and experience to help people such as plaintiffs herein.

59.     Based on the Detention Report, the juvenile court determines whether reasonable efforts were made to prevent or eliminate the need for removal of the child from his/her home and/or place the child with the non-abusive parent and whether there are available services which would assist the child.  The detention report also explains the reasons why the child was removed from the parent/legal guardian/relative or non-relative extended family member's custody.

60.     In the detention report, defendant PEREZ had the duty to obtain accurate information regarding the allegations of domestic violence between RODRIGUEZ and Shirley Grey. Defendant PEREZ, knew that the allegations against T.R.'s parents were false. However, PEREZ authorized and created factual allegations in the Detention Report, which eventually lead to the detention of T.R. from her father, RODRIGUEZ.

61.     Plaintiff T.R. and J.R.R. had to endure alienation from her parent father, R. RODRIGUEZ for a substantial period of time. T.R. and J.R.R. were forced to live with their mother in Nevada.

62.     To make matters worse, the highly suspect, flawed and unlawful Detention Report was again relied upon by the juvenile court in preparing the jurisdictional report/disposition report which, according to defendant COLA's policy is a social study report that contains evidence to support the allegations to the juvenile court.  The investigation and the jurisdictional/dispositional report will help to ensure that the proper disposition is made regarding the child, T.R.

63.     Defendant COLA's policies and procedures state:

"The Jurisdiction/Disposition report must contain evidence that is admissible and competent enough for the court to base a finding of jurisdiction under WIC300, in the following two circumstances:

    The social worker that wrote the report is available for cross-examination

    There is an opportunity to contest the report

 The report must be based upon an independent investigation by the social worker as well as a disinterested party who will contribute reliability and trustworthiness to the report.

The Dependency Investigator (DI) is responsible for preparing the Jurisdictional/Disposition report."

64.     The Dependency Investigator adopted and approved the highly flawed and questionable Jurisdiction/Disposition report which was submitted to the court and the court relying on the alleged integrity of said report authored mainly by defendant

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

PEREZ, removed T.R. and J.R.R. from the physical custody of their father RODRIGUEZ.

65.     Defendant PEREZ with the assistance of Defendant Deputy M. KESLEY, created the allegations in the petition which was corrupt, biased, inaccurate, unverified and reflected two consistent customs and practices by DCFS: a systematic failure to train PEREZ and its other employees, and a failure to oversee or investigate its employees personal involvement with family members under DCFS' jurisdiction.

66.     In child welfare, immediate supervisors must play a vital role in modeling, coaching, and engaging in frequent discussions with workers on topical issues of client engagement, rapport-building and assurance of proper boundaries in the worker and client relationship.  Defendant COLA's social work policy, child welfare training and other continuing education programs also have a responsibility in providing education and information on the management of relationships and examination of ongoing ethical issues.  Evidently, there was total failure of training, supervision and accountability as defendant COLA did not detect any of defendant's PEREZ's unlawful, unethical actions.

67.     Defendant COLA and its agents, failed to see that PEREZ and Defendant DEPUTY KESLEY, who colluded to create a false report, which formed the basis of jurisdiction and detention of T.R. and J.R.R. in the Juvenile Court and removal from the custody of parent RODRIGUEZ.

68.     Due to the subsequent sloppy, biased, inaccurate and unverified Detention Report authored by PEREZ stating that her father and Shirley Grey were engaged in domestic violence, T.R. and J.R.R. were removed from their father's custody. This removal from the father and release to their mother constituted a direct constitutional injury inflicted by PEREZ and Defendant Deputy KESLEY and DCFS

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

on plaintiffs T.R. and J.R.R.. - who continued to suffer while detained from their father. PEREZ and Defendant DEPUTY M. KESLEY fabricated a false arrest and false allegations of domestic violence, which lead to the eventual detention of T.R. R. and J.R.R. from her father RODRIGUEZ.

69.     The Juvenile Court ultimately sustained the petition for detention with T.R. and J.R.R. to remain in the home of her mother instead of foster care. The Court eventually terminated jurisdiction with the proposed family law order. DCFS' recommendation contained in the Jurisdiction/Disposition Report was based upon PEREZ'S fabricated allegations against R. RODRIGUEZ and actions of DEPUTY M. KESLEY for the false arrest against R. RODRIGUEZ.

70.     The Jurisdiction/Disposition Report states that RODRIGUEZ engaged in domestic violence against Shirley Grey when that statement was false.

71.     Court jurisdiction over T.R. and J.R.R. was eventually terminated and a Custody Order/Final Judgment was issued.

72.     RODRIGUEZ pled no contest to WIC § 300 which was sustained by the Juvenile Court. Defendant COLA through its employee, PEREZ, should have known, discovered, evaluated, investigated the alleged facts contained in the detention report and  monitored  and acted upon PEREZ and Deputy M. KESLEY'S  actions with PEREZ that colored the flawed Detention Report and Jurisdiction/Disposition Report resulting in later awarding custody of minor T.R. to her mother.

73.     The Detention Report and the Jurisdictional/Disposition Report were all tainted reports leading to judicial deception in total violation of minor plaintiff T.R's and J.R.R.'s 14th Amendment Due Process right to be free from deliberately fabricated evidence in civil child abuse proceedings based on PEREZ's alleged factual allegations in the detention report and jurisdictional/disposition report.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

74.     The emergency social worker has an obligation pursuant to COLA's policy in preparing the Detention Report to "obtain information regarding the child(ren)'s medical, mental, emotional and school history and potential needs." Defendant PEREZ and Defendant DEPUTY M. KESLEY totally deviated from their responsibility when they fabricated evidence regarding domestic violence. PEREZ in preparing the tainted report alleging that R. RODRIGUEZ and his girlfriend, Shirley Grey, were engaged in domestic violence was false and they both knew it was false.

75.     Defendant PEREZ's and Defendant DEPUTY M. KESLEY's unfitness and incompetence harmed the minor plaintiff T.R. and J.R.R. who were forced to live with their mother instead of their father. T.R.'s father, RODRIGUEZ was forced to sign no contest plea upon being confronted with judicially deceptive detention and jurisdictional reports.

76.     Defendant PEREZ was unfit and incompetent to perform the work she was hired to do.  Defendant COLA as PEREZ'S employer knew or should have known that its employee PEREZ was unfit, incompetent and was perpetrating judicial deception by presenting fabricated evidence to the juvenile court.  PEREZ'S unfitness, incompetence and corrupt practices harmed both plaintiff T.R. and her brother J.R.R. in that they were deprived of their due process substantive and procedural rights guaranteed by the Constitution.

77.     Defendant DEPUTY M. KESLEY was unfit and incompetent to perform the work she was hired to do.  Defendant COLA as DEPUTY M. KSLEY'S employer knew or should have known that its employee DEPUTY M. KESLEY was unfit, incompetent and falsely arrested father RODRIGUEZ.  DEPUTY M. KESLEY's unfitness, incompetence and corrupt practices harmed both plaintiffs T.R and J.R.R. in that they were deprived of their due process substantive and procedural rights guaranteed by the Constitution.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

78.     Defendant COLA's negligent hiring, supervision, monitoring and retaining of an inept, corrupt and incompetent employees was the proximate cause of plaintiffs' damages and injuries.

79.     Defendant COLA has identified the following practices needing improvement:

"<u>High caseload, large volume of paperwork, lack of staffing, unavailability and lack of support from supervisors</u>, unnecessary court petitions having to be filed, transfer of messy cases and logistics of visits limit contact with families.

The lack of respectful treatment of parents by the CSWs and the <u>lack of sensitivity to the needs of the family</u>."

Identified training needs include:

Training provided for CSWs and SCSWs should include actual work performed, cultural sensitivity and available emancipation and resources (housing, knowledge of services available in school districts and placement supervision.)

Currently Dependency investigators (DI) recommendations are determined by policy not by worker's discretion.  CSWs suggested that DIs be able to exercise their professional discretion as well.

Caseloads should be reduced to manageable levels so that CSWs have time to work with their client families.  Some programs can't run properly/smoothly <u>because DCFS doesn't have sufficient manpower at this time.</u>

80.     It appeared that the tainted Detention and Jurisdictional Report fabricated by defendant PEREZ to perpetuate judicial deception were simply "rubber-stamped" by Dependency Investigator and DI Supervisor Children's Social Worker due to

defendant COLA's identified practices needing improvement and identified training needs.

81.     Defendant COLA's practices needing improvement and identified training needs allowed defendant PEREZ'S corruption, intimidation and fabrication of evidence to continue.

82.     As a result of the conduct of Defendants, Plaintiffs, T.R. and J.R.R. have suffered severe, pervasive, and ongoing emotional distress, which Defendants inflicted on Plaintiffs,  T.R. and J.R.R. intentionally, with utter indifference and reckless disregard for plaintiffs' constitutional rights. The systematic ongoing failures of DCFS and L.A.S.D. and COLA to (a) adequately train and (b) adequately oversee PEREZ and other DCFS employees were part of an ongoing custom and policy of DCFS and adequately oversee DEPUTY M. KESLEY and other LAPD employees were part of an ongoing custom and policy of LAPD.

83.     PEREZ's actions and her intimate relationship with Mr. Conley corrupted and tainted the DCFS juvenile proceedings to the present.  Defendant COLA failed to investigate PEREZ's actions.  Defendant COLA also failed to investigate DEPUTY M. KESLEY'S actions.

84.     The actions of Defendants, and each of them, were reckless, willful, malicious, and with a conscious disregard for the civil rights of Plaintiff as well as the wellbeing and best interests of her minor children. Such wrongful conduct necessarily entitles Plaintiffs to seek punitive damages from individual Defendants' wrongful acts for the purpose of punishing said Defendants, to make an example out of them, and to discourage such misconduct in the future.  Furthermore, defendants and each of them, are not immune from liability pursuant to California Government Code §820.21 in

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

that the detention report and jurisdictional/disposition reports were fabricated and the minor plaintiff T.R. was harmed thereby.

On or April 11, 2014, RODRIGUEZ was arrested by Deputy KESLEY without probable cause.  Defendant KESLEY is sued herein in both his individual capacity and in his official capacity as an employee of the Los Angeles Sheriff's Department Following RODRIGUEZ'S unlawful arrest, he was charged with violation of Penal Code Section 273.5(a) Corporal injury to cohabitant.  This charge was based on "misrepresentations" and "bogus reports" authored by defendants KESLEY and PEREZ who were friends and joined forces in prosecuting plaintiff despite lack of evidence.  Defendant PEREZ is an employee, officer, agent and a social worker of the County of Los Angeles Department of Children and Family Services.  PEREZ is sued herein in both her individual capacity and in her official capacity as an employee of the County of Los Angeles. Defendant PEREZ initiated dependency proceedings placing plaintiff's children in protective custody and misrepresented plaintiff's relationship with his children in juvenile dependency proceedings to deprive plaintiff of custody of his children.

85.    Specifically, defendants KESLEY and PEREZ were jointly acting to create, perpetuate and maintain the following customs, common practice, usage, practice and policies of the Los Angeles County Sheriff's Department and the Los Angeles County Department of Children and Family Services for: 1) for using

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

excessive/unreasonable force on persons; 2) for unlawfully seizing (detaining and arresting) persons; 3) for unlawful searching persons; 4) for fabricating/destroying/ concealing/altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability; 5) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 6) for interfering with familial relationships and 7) for covering-up unlawful and tortious conduct by the Los Angeles Sheriff's Department/Los Angeles County Department of Children and Families personnel and were  approximate cause of the very same federal constitutional violations complained of below by the plaintiffs in this action.

86.   In addition, Defendant COUNTY had notice of other false arrests, use of excessive force, unlawful seizure and acts of dishonesty by said individual defendants  to this action and failed to take any corrective/discipline actions against any of the said Defendants, and DOES 1 through 7, inclusive.  In addition, all of the above-named defendants and all of the DOE defendants to this action, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive RODRIGUEZ of his federal constitutional and statutory rights, as described

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

above, and below, and acted in joint and concerted action to so deprive the RODRIGUEZ of those rights as set forth *infra*, all in violation of 42 U.S.C. § 1983.

87.    Here, KESLEY initiated filing the baseless charges without evidence that plaintiff committed domestic battery.   KESLEY and Parker then submitted bogus reports and fabricated evidence in juvenile court resulting in separation of plaintiff's children from their father despite the fact that there was no imminent risk of the children being harmed by their father and/or if a warrant was issued it was based on Parker and KESLEY's fabricated evidence supporting their bogus reports. Defendant KESLEY initiated the criminal charge without any evidence of criminal conduct by plaintiff as said conduct was denied by the alleged victim and was supported by plaintiff's children.   Defendant KESLEY and Patrick's initiation of the criminal charge and juvenile dependency proceedings were fraught with malice.

88.    Plaintiff pleaded not guilty to the misdemeanor charge on June 17, 2014 and the matter was dismissed on motion of the people pursuant to a plea bargain wherein plaintiff enrolled in and completed a diversion program.   The prosecutor offered this plea bargain instead of pursuing a trial on the merits because there was sufficient evidence that KELSEY charged plaintiff without probable cause and a trial on the merits would only prove plaintiff's innocence.   The victim, plaintiff's cohabitant, and alleged witness denied ever telling KESLEY that she was battered by plaintiff and denied ever telling KESLEY that she was a victim of plaintiff.   This

testimony was supported by plaintiff's children who stated that they felt safe in their father's custody. Defendant KESLEY intentionally misstated, falsely reported and attributed statements to the alleged victim that were not made by the victim. As such, dismissal was procured by the prosecutor's motion which dismissed the criminal proceedings as a result of KESLEY'S and Parker's fraudulent conduct.

89.     Defendant Parker filed a juvenile dependency petition setting out false allegations despite having been verified by Parker under penalty of perjury; and she knew or should have known, at the time she verified the petition, that the statements contained therein were false either directly or by omission of critical exculpatory facts. Moreover, at the time she filed the Juvenile Dependency Petition, Parker knew or had reason to know, the material allegations were false.

90.     As such, the underlying criminal case and juvenile dependency litigation (1) was commenced by or at the direction of defendants and was pursued to a legal termination in plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice.

91.     Such malicious prosecution resulted in constitutional violations of plaintiff's rights under the 4th, and 14th amendments of the Constitution as well as "resulting damage by way of attorneys' fees incurred in defense, mental distress, and/or injury to reputation or social standing."

## FIRST CAUSE OF ACTION
## [VIOLATION OF 42 U.S.C. § 1983]
## LOSS OF PARENT-CHILD RELATIONSHIP WITHOUT DUE
## PROCES SOF THE LAW UNDER FOURTH AND FOURTEENTH
## AMENDMENT
### (Against all Defendants)

92.     Plaintiff T.R. and J.R.R. hereby re-alleges and re-incorporates by reference the allegations set forth in paragraphs 1 through 91, inclusive, above as if set forth fully in this Complaint herein.

93.     The unlawful seizure of RODRIGUEZ'S children by Defendants, and each of them, deprived Plaintiffs,T.R. and J.R.R., of their Parent/Child Relationship with their father,  guaranteed to them under the Fourteenth Amendment to the United States Constitution

94.     The unlawful seizure of RODRIGUEZ'S three children was done intentionally, and was done in a manner that constituted an unlawful seizure, and was done in a manner that constituted a deliberate indifference to and reckless disregard of said Child/Parent Relationship, and constituted outrageous behavior that is shocking to the conscious.

95.     None of the Defendants sought, or obtained, a protective custody warrant prior to seizing RODRIGUEZ'S children, at the family home by taking physical custody over the children, seizing them, and carting them away from their father.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

Defendants jointly acted or conspired to seize the children, as described above, knowing that no protective custody warrant for the children's seizure issued and that exigent circumstances did not exist.  Plaintiffs' father did not consent, at any time, to the searches and seizures described herein above.

96.    None of the Defendants, at any time had specific, articulable evidence to support any reasonable basis for believing that RODRIGUEZ'S children, including Plaintiff T.R. and J.R.R. were in immediate danger of sustaining serious bodily injury or death within the time it would have taken the Defendants to seek and obtain a custody warrant.  Indeed, Plaintiffs are informed and believes and thereon alleges that Defendants, and each of them, purposefully or recklessly failed to seek a custody warrant, in derogation of their clearly established rights to due process and familial association.

97.    At the time of seizure , other more reasonable and less intrusive alternative means existed to secure plaintiffs' civil rights and security, short of the warrantless seizure and detention of Plaintiffs' sibling with their father, yet these Defendants, and each of them intentionally or with reckless or malicious disregard for Plaintiff's rights, failed to pursue or investigate such less intrusive alternative means of keeping the family together.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

98.    Defendants committed the said unconstitutional acts without proper justification or authority, and without probably cause, exigency, or court order. Defendants, and each of them, maliciously violated and/or conspired to violate the civil rights of Plaintiffs, including violation of Plaintiffs' rights found in the Fourteenth Amendment of the United States Constitution, by, but not limited to, removing, detaining, and continuing to detain T.R. and J.R.R. from the care, custody and control of their father, RODRIGUEZ, without proper or just cause and/or authority and by use of coercion, duress, or fraud to obtain, or attempt to obtain, evidence supporting detention.  Said acts were taken deliberately, with callous or reckless indifference to the substantial rights of the Plaintiffs, or fueled by an evil motive or intent.

99.    The unlawful seizure of Plaintiffs , above referenced also caused plaintiffs, T.R. and J.R.R.to suffer the loss of society, solace and comfort, companionship with their father, as well as caused her to suffer great mental, emotional and distress, pain and suffering in an amount to be shown at trial.

## SECOND CAUSE OF ACTION 42 U.S.C.S 1983
### 5th and 14th Amendment Violation of Procedural and Substantive Due Process Against Defendants and Doe Defendants 1-10

100.    Plaintiffs re-allege, adopt, and incorporate the preceding paragraphs 1 through 99, as if fully set forth herein in this Complaint.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

101.   Defendants violated Plaintiff's 5th and 14" Amendment right to procedural and substantive due process by preventing Plaintiffs from receiving a fundamentally fair, orderly, and just judicial proceeding, as described in this Complaint. In doing so, Defendants acted under color of law without reasonable basis. Defendants were deliberately indifferent to, or in the alternative were in fact motivated by a willful and malicious disregard of Plaintiffs' rights.

102.   Defendant PEREZ, as well as unknown Doe Defendants, continually, repeatedly, and unfairly refused to conduct a competent, fair, and objective investigation and evaluation of plaintiff's father.  Instead, defendants, through its employee PEREZ presented fabricated information, which formed the basis of the tainted detention report and jurisdictional/disposition report calculated to perpetuate judicial deception resulting in  plaintiff's mother being granted sole granted custody of the minor plaintiffs, T.R. and J.R.R.

103.   Each Defendant was responsible for evaluating the information available to them in good faith and giving each piece of evidence proper weight in considering whether to seek removal of the minor child from Plaintiffs' care as well as the appropriate placement for the same.

104.   Defendant PEREZ made false representations to the Court that were knowing, intentional and in reckless disregard of the truth and Plaintiffs' civil rights. Defendant COLA was or should have been aware that these representations were false, yet it took no actions to discipline its employee.

105.   As a result of Defendants' actions, Plaintiffs T.R. and J.R.R. were deprived of their due process rights under the 14th Amendment.  Plaintiffs T.R. and J.R.R. were also subjected to additional physical, mental and sexual abuse when physical custody was denied to their father.

106.   T.R. was placed in the custody of her mother even though she was formerly sexually abused by her maternal uncle, who also lived in the same home of T.R.'s mother.  J.R.R. was further physically abused by his maternal uncle while he was placed in his mother's home.

107.   As a result of Defendants' misconduct, Plaintiff T.R. suffered severe emotional pain and suffering.  J.R.R. suffered physical abuse while in the home of parent mother by his maternal uncle.

108.   The individual Defendants deliberately engaged in corruption, retaliation and violations of Plaintiffs clearly established constitutional rights. As such, and by the nature of their conduct, the individual defendants are not entitled to qualified immunity.  Punitive damages are sought against the individual defendants employed by Defendant COLA according to proof.

## THIRD CAUSE OF ACTION
### Violation of Civil Rights Under 42 U.S.C. § 1983 – Monell Claim
### Against Defendant COLA

109.   Plaintiff realleges and incorporates herein by reference as though full set forth herein in full, paragraphs 1 through 108 of the Complaint herein.

110.   Defendant County, including and through its entity, DCFS and the Los Angeles Sheriff's Department. Established and/or followed procedures, customs and practices (hereinafter referred to collectively as policy or policies), which policies were the moving force behind the violations of plaintiff's constitutional rights,

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

including those under the 1st and 14th amendments of the United States Constitution by, but not limited to:

    a.    the policy of detaining and/or removing children from their family homes without exigent circumstances (imminent danger of serious bodily harm), court order and/or consent;

    b.    the policy of removing children from their family and their homes without first obtaining a warrant when no exigency exists;

    c.    the policy of examining children without exigency, need or proper court order and without the presence and/or consent of their guardian;

    d.    the policy of removing and detaining children, and continuing to detain them for an unreasonable period after any alleged basis for detention is negated;

    e.    the policy of using trickery, duress, fabrications and/or false testimony and/or evidence, and in failing to disclose exculpatory evidence, in preparing and presenting reports and court documents to the Court, causing an interference with parent's rights, including those as to familial relations; and;

    f.    by acting with deliberate indifference in implementing a policy of inadequate training and/or supervision, and/or by failing to train

and/or supervise its officers, agents, employees and state actor, in providing the constitutional protections guaranteed to individuals, including those under the 14th Amendment, when performing actions related to child abuse and dependency type proceedings;

g.    the policy of setting forth allegations in Juvenile Dependency Petitions against parents claiming violations of WIC section 300(a) through (j), regardless of whether or not reasonable and articulable evidence exists at the time to support the claims set out in the petition under penalty of perjury;

h.    the policy, practice or custom of making knowingly false allegations of child abuse, neglect or abandonment in Juvenile Dependency petitions signed under penalty of perjury as a means of intimidating parents, by coercion, into accepting lesser charges, whether or not true, or forcing a parent to adjudicate a matter knowing that the courts most often sustain allegations, whether justified by extant evidence or not, thereby enabling the County to keep the family in the juvenile dependency system and record the case as a positive outcome for purposes of statistical analysis related to funding by the State and Federal governments.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

        i.      the custom, policy, and/or practice of fraudulently charging parents with child abuse where none exists.

111.   As to defendant County of Los Angeles Sherriff's Department, defendant KESLEY is a deputy employed by the County of Los Angeles Sherriff's Department. At all times relevant hereto, KESLEY was acting for and on behalf of defendant County of Los Angeles:

112.   The following policies, customs, and practices of Defendant County of Los Angeles Sherriff's Department were in effect at the time of Plaintiff's father's arrest, which had the natural and foreseeable result of violating Plaintiff's established constitutional rights:

a.   Detaining individuals without reasonable suspicion of criminal misconduct, or otherwise refusing to end detention of an individual once it is clear that no such reasonable suspicion exists;

b.   Using excessive and illegal force on detainees that inquire as to the purpose of their detention and whether such detention comports with the laws of the United States;

c.   Using false allegations of violations of the Penal Code, as well as potentially other criminal statutes, as a cover to justify illegal detention and use of force; and

d.  Engaging in acts to cover up excessive force incidents – including but not necessarily limited to fabricating statements of alleged witnesses despite absence of any evidence and/or ignoring exculpatory evidence in an effort to fabricate probable cause where none exists.

113.  Defendant COUNTY OF LOS ANGELES SHERRIFF'S DEPARTMENT owed a duty to Plaintiffs' father and others at all times to establish, implement, and follow policies, procedures, customs, and/or practices which confirm and provide for the protections guaranteed them under the United States Constitution, including the 1st, 4th, and 14th Amendments; to use reasonable care to select, supervise, train, control, and review the actions of all of their agents, officers, and employees.

114.  Instead, Defendants engaged in the above-described policies, practices, and customs, all of which is not unique to Plaintiff's father alone or constitutes an isolated incident, but is in fact a pervasive policy, practice, and custom of which Defendant COUNTY OF LOS ANGELES, by and through its various supervisors and policymakers, are aware.

a.  The injuries suffered by Plaintiff as described elsewhere herein, were directly, proximately, and foreseeably caused in part by the unconstitutional practices, policies, or customs, both written and unwritten, that at all relevant times were in full force and effect by

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454

Defendants and their employees, which were put in place or otherwise allowed to remain in place due to the tacit agreement of Defendants, various supervisors, managers, and policymakers, and was further exacerbated by their refusal to properly investigate such misconduct of other individuals under their supervision and authority, or discipline the same.

b.     Defendant COUNTY OF LOS ANGELES SHERRIFF'S DEPARTMENT, by and through its various supervisors and policymakers, knew, or should have known, that by breaching the aforesaid duties and obligations that it was foreseeable that it would cause Plaintiffs and others to be injured and damaged by the wrongful acts   and omissions as alleged herein, that such breaches occurred in contravention of public policy and as to their respective legal duties and obligations to individuals within their jurisdiction.

c.     The aforementioned policies, practices, customs, and procedures, as well as the lack of adequate training and discipline as stated and shown above, were the moving force and/or substantial factor in bringing about the constitutional deprivations complained of by Plaintiffs herein.

WHEREFORE, PLAINTIFFS respectfully pray and seek the following relief as to the Causes of Action stated above:

1.        For general damages according to proof at trial on each cause of action for which such damages are available,

2.        For special damages according to proof on each cause of action for which such damages are available;

3.        For punitive damages according to proof at trial on each cause of action for which such damages are available;

4.        For reasonable attorney fees and costs of suit, as allowed under the law;

5.        For such other relief as the Court deems proper and just.

6.        Civil penalties as allowed under the law; and

7.        Any and all further relief as the Court may deem just and proper.

### Demand for a Jury Trial

Plaintiffs hereby respectfully demand a jury trial on the aforementioned causes of action against each Defendant.

Dated:   October 21, 2021        LAW OFFICES OF VINCENT W. DAVIS

By: _____
             Vincent W. Davis, Esq.
             Attorneys for Plaintiffs

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
PHONE (626) 446.6442, FACSIMILE (626)446.6454